**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT MITCHELL, | |
| Plaintiff, | Civil No. 05-4186 (RBK) |
| v. | |
| PETER C. HARVEY, et al. | **O P I N I O N** |
| Defendants. | |

**APPEARANCES:**

Robert Mitchell, Pro Se
Burlington County Jail
#45639
54 Grant Street
Mt. Holly, NJ 08060

**KUGLER, District Judge**

Plaintiff, Robert Mitchell, currently incarcerated at the Burlington County Jail, Mt. Holly, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief.  For the following reasons, plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff states that the eleven named defendants, all various prosecutors and public defenders, have violated his constitutional rights because they refuse to prosecute or investigate his claims of police brutality and excessive force. He states that minority citizens are treated differently than non-minority citizens in the criminal justice system, and that bias is prevalent.  He states that he cannot get effective assistance in filing his complaints because of his race.

Plaintiff asks for monetary and injunctive relief.

## DISCUSSION

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed.**

   1.   As to Defendants Jones, Segars, Bowser, Manning, Jacobs, Fury.

Plaintiff states that various public defender and private attorney defendants violated his constitutional rights. However, the claims against the defendants will be dismissed, because they are not "state actors," or "acting under color of state law," as required by 42 U.S.C. § 1983. Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys,

4

do not act under color of state law when representing their clients.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).[1]

    2.    As to Defendants Harvey, Kreigner, Bernardi, King, Bodnar.

Further, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Likewise, the decision *not* to prosecute a case is also protected by absolute immunity.  See Kalina v. Fletcher, 522 U.S. 118 (1997)(prosecutor absolutely immune from a damage action under § 1983 for "initiating and pursuing a criminal prosecution")(quoting Imbler, 424 U.S. at 410); see also Parker v. Stiles, 2001 WL 755094, *1 (E.D. Pa. 2001) (unpubl.); Roe v.

---

[1] Plaintiff does not allege any facts personal to him or his situation in the instant complaint, except to say that he has not had effective assistance in filing his complaints due to his race.  However, the Court notes that because it appears that plaintiff's criminal charges remain pending, he must raise any constitutional challenges in the course of his criminal case; a federal court will not now intercede to consider issues that plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

City & County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997) (prosecutor is absolutely immune for decision not to prosecute); Doe v. Phillips, 81 F.3d 1204, 1209-10 (2d Cir. 1996) (same); Harrington v. Almy, 977 F.2d 37, 40-42 (1st Cir. 1992) (same).

Finally, Plaintiff's claims will also be dismissed as failure to investigate to Plaintiff's satisfaction does not constitute a constitutional violation. Cf. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions).

## CONCLUSION

Based upon the foregoing, Plaintiff's Complaint will be dismissed. The Court will file an appropriate Order.


S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge


Dated:   January 25, 2006